CITY OF COLUMBUS, Appellee,

v.

MARCUM, Appellant.

[Cite as *Columbus v. Marcum* (1989), 65 Ohio App.3d 530.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–463.

Decided Dec. 7, 1989.

Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor, and Thomas K. Lindsey, for appellee.

James Kura, County Public Defender, and John W. Keeling, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Johnny Marcum, appellant, from the judgment of the Franklin County Municipal Court finding him guilty of criminal damaging in violation of Columbus City Code Section 2305.02. On October 27, 1988, appellant and Gloria Marvin were involved in an altercation which began over a parking place. Appellant was charged with assault, criminal damaging and disorderly conduct. On November 15, 1988, appellant pled not guilty to the charges. The disorderly conduct charge was dropped prior to trial. At trial, appellant and Mrs. Marvin testified to a different version of the incident and presented witnesses to support each version. Appellant was found not guilty on the assault charge, but guilty on the criminal damaging charge, and was sentenced to sixty days, without a fine or assessment of costs.

Appellant now appeals his conviction for criminal damaging and asserts the following two assignments of error:

"Assignment of Error Number One

"The trial court erred when it failed to instruct the jury on the mental element of the offense of criminal damaging over the objection and the request of the defendant.

"Assignment of Error Number Two

"The trial court erred when it submitted written instructions to the jury over the defendant's objection and then failed to include such written instructions in the record of this case."

In his first assignment of error, appellant asserts that the trial court failed to instruct the jury on the mental element of the offense of criminal damag-

ing. Without the proper instruction, the jury may not have determined that appellant acted "knowingly."

Appellant was convicted of criminal damaging in violation of Columbus City Code Section 2305.02, which provides in relevant part:

"(A) No person shall cause, or create a substantial risk of physical harm to any property of another without his consent:

"(1) Knowingly, by any means;

"(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."

■ Pursuant to R.C. 2901.21, a person is not guilty of an offense unless the conduct involves either a voluntary act or an omission to perform an act or duty which he is capable of performing and "[h]e has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense." Therefore, in order to sustain a conviction for criminal damaging, the city was required to prove beyond a reasonable doubt that the appellant "knowingly" caused physical harm to Mrs. Marvin's automobile and the jury was likewise required to make such a determination before it could return a guilty verdict.

Immediately after the judge instructed the jury on assault, the trial judge instructed the jury on criminal damaging as follows:

"The defendant is charged, secondly, by Gloria J. Marvin, with the crime of criminal damaging. That's Case No. 25360–3. Mrs. Marvin alleges by way of affidavit that the Defendant Marcum, on the 27th day of October, 1988, knowingly caused physical damage to the property of Gloria J. Marvin without her consent, by hitting and kicking her 1981 Ford Fairmont automobile and causing dents in the body.

"Section 2305.02 of the Columbus City Code relative to criminal damaging states in part, '*No person shall cause physical harm to any property of another without his consent.*' Whoever violates this section is guilty of criminal damaging, and that's a misdemeanor of the second degree.

"*So before you can find this defendant guilty of criminal damaging, the City must prove to you beyond a reasonable doubt that, on or about October 27, 1988, in the City of Columbus, Franklin County, Ohio, Defendant Marcum caused physical harm to a Ford automobile belonging to Clara J. Marvin, and without her consent.*

"Physical harm to property means any tangible damage to property which, in any degree, results in loss to its value or interferes with his use or

enjoyment. Physical harm to property obviously does not include wear and tear in normal use.

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or he is aware that his conduct will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." (Emphasis added.)

█ A review of the constitutional adequacy of jury instructions is far different from a review of the sufficiency of the evidence. The question is whether the jury instruction considered as a whole advised a reasonable juror that the prosecution had the burden of proof of the essential elements of the crime of criminal damaging according to Ohio law. *Clark v. Jago* (C.A.6, 1982), 676 F.2d 1099, 1102.

Defense counsel timely objected to the above instructions on specific grounds. Clearly, the trial judge did not instruct the jury properly as to the elements of the offense of criminal damaging. Since a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall instruction, *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772, paragraph four of the syllabus, this court must review whether the instruction, taken as a whole, fully informed the jury of their duty to find that appellant acted "knowingly" for purposes of the criminal damaging conviction.

First, it is important to note that appellant was also charged with and the jury was instructed as to assault. The trial judge instructed the jury as to the assault charge first. The judge stated in part:

"Now, this defendant, Johnny Marcum, is charged with a violation of Section 2303.01 of the City Code. That ordinance or law states briefly and in part, 'No person shall *knowingly* cause or attempt to cause physical harm to another.' Whoever violates this section is guilty of assault, which is a misdemeanor, under our statutes, of the first degree." (Emphasis added.)

Thereafter, the judge explained the following: the purpose and content of the affidavit of Mrs. Marcum; the arraignment process; the burden of proof required of the City as to each element of the offense; the findings required for the jury to convict appellant on the assault charge; and the definition of "intent." Then the judge instructed the jury as to the criminal damaging charge as set forth previously.

█ The city argues that, taken as a whole, the instructions informed the jury that they had to find that appellant acted "knowingly" in order to convict him of the criminal damaging charges. This court disagrees. The instruc-

tions as given could have been interpreted by a reasonable juror to relieve the state of its burden to prove each of the essential elements of the offense of criminal damaging. *Clark, supra.* Because the judge repeated parts of the instruction several times, including the definition of "knowingly," it is reasonable that the jurors could have thought that the instruction on "knowingly" simply related back to the charge of assault. Accordingly, appellant's first assignment of error is well taken and is sustained.

In his second assignment of error, appellant contends that it was error for the trial court to submit written instructions to the jury over the objections of defense counsel. Furthermore, it was error for the trial court to neglect to include the written instructions in the record of this case.

Review of the record discloses the following sequence of events: (1) the trial court orally instructed the jury; (2) the trial court reduced the charge to writing and provided the jury with copies; (3) counsel for both parties approached the bench; (4) defense counsel informed the trial judge that he had not included "knowingly" as an element of criminal damaging; (5) the trial court noted the objection, but refused to reinstruct the jury on the elements of criminal damaging; (6) the trial court provided counsel with copies of the written instructions provided to the jury; (7) the jury retired for deliberations; (8) the trial judge went to the jury room and informed the jurors that he had not included a portion of the instruction relating to self-defense, so he gave the jurors copies thereof; (9) defense counsel objected to the jury being given additional written instructions which counsel had not been given an opportunity to review; (10) defense counsel made several specific objections to the written instructions originally provided the jury; (11) the trial judge noted the objections and requested that the copies he had given counsel be returned. The written instructions which the trial court provided the jury are not contained in the record before this court on appeal.

It is well established as law in Ohio that when written instructions are submitted to the jury, those instructions must be returned along with the jury verdict and must remain on file with the papers of the case. See *Householder v. Granby* (1884), 40 Ohio St. 430; R.C. 2945.10(G).

In *State v. Guice* (June 28, 1984), Franklin App. No. 83AP–883, unreported, 1984 WL 5823, this court found that it was prejudicial error for the trial court not to preserve the tape recorded instructions as part of the record on appeal, as would be required with respect to a written instruction. Furthermore, this court specifically stated that the recorded instructions must be returned to the court in order to cause the same to be made part of the permanent record consisting of the original papers and exhibits thereto, which

becomes part of the record on appeal pursuant to App.R. 9(A). Accordingly, appellant's second assignment of error is also well taken and is sustained.

In accordance with the United States Supreme Court's decision in *United States v. Ball* (1896), 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, the Double Jeopardy Clause does not bar reprosecution where the convicted defendant has managed through appeal or other procedure to set aside his conviction on grounds other than the insufficiency of the evidence. Therefore, appellant can be reprosecuted for the charge of criminal damaging.

Based on the foregoing, appellant's assignments of error are sustained. The judgment of the Franklin County Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY L. BRYANT and RADCLIFFE, JJ., concur.

GERALD E. RADCLIFFE, J., of the Ross Court of Common Pleas, sitting by assignment.