Defendant-appellant Darnell Lee (dob November 25, 1971; Lee) appeals from his convictions for the following offenses: (1) two counts of aggravated robbery [counts 1 and 2], in violation of R.C. 2911.01, with firearm specifications pursuant to R.C. 2941.145, which was tried to a jury; and, (2) having a weapon while under a disability [count 3], in violation of R.C. 2923.13, which was tried to the bench. The appellant does not challenge the propriety of his convictions, per se. Instead, appellant argues in his lone assignment of error that the trial court committed reversible error in failing to preserve written jury instructions, which were orally propounded to the jury (see Tr. 575-605), as part of the record for appellate review, and urges this appellate court to reverse his convictions and remand same for a new trial solely due to the failure to include a written copy of the jury instructions in the record. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the offenses were committed in the late hours of the evening, or early morning hours, of July 2-3, 1998. At that time, Mr. and Mrs. David Kline had exited a bar located at Detroit Avenue and West 65th Street in Cleveland and headed for their car in the parking lot. Reaching the car, the husband, displaying proper etiquette for a gentleman, opened his wife's passenger car door first and then walked around the car to open his driver's door. At his door, the husband glanced a view in the direction of his wife's door and noticed a figure crouched by the passenger door. The husband then ran to the passenger door area of the car and verbally confronted the figure. The figure, identified later by the husband as the appellant, pointed a firearm at the husband and demanded he turn over his money and car keys. The husband complied with this demand and the figure fled the scene. Immediately subsequent to this event, the couple ran back to the bar they had recently exited and called the police via 9-1-1. The police arrived at the bar within minutes of this call and were given a description of the assailant by the couple. While the police were gathering information from the victims, the police received a call indicating that a man matching the description of the assailant was seen on the lawn of Ms. Dawn Knierman and that he was displaying a handgun.
Ms. Knierman testified in court and corroborated having made the call to police concerning the stranger on her lawn waving a handgun and pointing it at people, and having given a description of that man to the police dispatcher. Ms. Knierman identified the appellant as the man who she observed on her lawn that night.
The police responded to Ms. Knierman's call and, based on the description of the suspect given by the Klines and Ms. Knierman, stopped appellant on West 70th Street. The victims later identified appellant for the police as the assailant. Also, in searching the area of the stop, the police found a discarded handgun approximately one-hundred-and-fifty feet away. Subsequent analysis of the weapon proved operability. Analysis also revealed that appellant's fingerprint was found on the firearm's ammunition magazine (which was found in close proximity to the firearm).
Appellant testified that he was walking home that evening and denied being the man on Ms. Knierman's lawn and being involved in the robbery of the Klines, but did admit to having had a firearm that night and having discarded that firearm on West 70th Street because he feared being searched by the police after he observed the police that night at the bar where the Klines were making their police report.
Following his convictions, appellant was sentenced to six years on counts 1 and 2 (consecutive), three years actual on the firearm specification(s), and nine months on count 3 (concurrent to counts 1 and 2).
Appellant argues that R.C. 2945.10(G) requires that where written jury instructions are provided to the jury, that such written instructions be preserved by remaining on file with the papers of the case.[1] This statement of law is correct. However, our analysis does not end there.
Appellant next argues that the mere failure to preserve a copy of the written instructions in the case file requires a new trial. In support of this theory, appellant cites to four cases. The first case, Columbus v.Marcum (Franklin, 1989), 65 Ohio App.3d 530, is used for the proposition that:
 It is well established as law in Ohio that when written instructions are submitted to the jury, those instructions must be returned along with the jury verdict and must remain on file with the papers of the case.
Id. at 534; appellant's brief at 4.
The second case, State v. Smith (Hamilton, 1993), 87 Ohio App.3d 480,482-483, is used for the proposition that the failure to preserve the written instructions in the file . . . denies a defendant due process upon appeal, because the defendant and the appellate court are unable to review the instructions for error. See appellant's brief at 4.
The third case, State v. Mitchell (Mar. 13, 1995), Licking App. No. 92-CA-71, unreported, at 2-3, 1995 WL 347847, is used as authority for having followed Columbus and Smith.
The fourth case, State v. Guize (June 28, 1984), Franklin App. No. 83AP-883, unreported, 1984 WL 5823, is used for the proposition that it was reversible error to fail to preserve tape recorded instructions as part of the record. See appellant's brief at 4.
While appellant's case authority is instructive, it is not conclusive.
This court recognizes that the better judicial practice is to preserve the written instructions with the papers of the case, see State v.Nicholls (Mar. 2, 2000), Cuyahoga App. Nos. 75605 and 75606, unreported, 2000 WL 235763, at 6, however, reversal is not warranted for a failure to properly preserve written instructions in the record where harmless error is found pursuant to Civ.R. 52(A). Id. at 5. Also see State v. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75778, unreported, 2000 WL 193246, at 5-6; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported, 2000 WL 86291, at 3-4 (defendant must demonstrate that some type of prejudice resulted from the trial court's failure to preserve the written instructions in the case papers); State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported, 1999 WL 1129073, at 7-8; State v. Goodwin
(Apr. 17, 1997), Cuyahoga App. No. 68531, unreported.
The case sub judice is remarkably similar to State v. Cruz, supra. InCruz, the appellant made the argument that reversal was warranted because the written instructions to the jury were not preserved with the papers in the case. This appellate court stated the following with respect to whether harmless error or prejudice was demonstrated therein:
 In considering appellant's argument with respect to his first assignment of error in conjunction with R.C. 2945.10(G), therefore, several factors are important. The transcript of appellant's trial demonstrates neither party made a request for written jury instructions; rather, the trial court took it upon itself to provide them. State v. Gerhardt, supra. The transcript also demonstrates the trial court gave full and complete oral instructions to the jury prior to permitting it to retire. Id.; see, also, State v. Henness (Feb. 6, 1996), Franklin App. No. 94APA02-240, unreported; Cf., State v. Smith, supra. Moreover, neither appellant nor the prosecutor lodged objections to either the oral or the written instructions given to the jury by the trial court. State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported; Cf., Columbus v. Marcum, supra. Finally, it is particularly noteworthy that appellant presents no argument the jury improperly convicted him of the two offenses. Cf., State v. Goodwin, supra.
 Based upon the foregoing factors, this court cannot find that the trial court's failure to include the written jury instructions in the record on appeal either constituted harmful error or compromised appellant's right to due process of law. State v. Mills, supra. Accordingly, appellant's first assignment of error is overruled.
2000 WL 86291, at 4; see, also, State v. Gerhardt (Gallia, 1961),115 Ohio App. 83.
As was the case in Cruz, the record in the appeal sub judice fails to demonstrate harmful error or a compromise of appellant's right to due process of law for the reasons that follow. First, the trial transcript does not indicate that either party made a request for written jury instructions; the court took it upon itself to provide them. Second, the trial court orally gave the jury full and complete instructions prior to giving the case to the jury. Third, no objections or modifications were lodged, by either the prosecution or the defense, to the written or oral instructions given the jury by the court. Fourth, and perhaps most importantly, appellant does not argue on direct appeal that he was improperly convicted of the three offenses and specifications. Accordingly, harmless error applies.
The lone assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and JAMES M. PORTER, J., CONCUR.
 _________________________________ JAMES D. SWEENEY, PRESIDING JUDGE
[1] R.C. 2945.10(G) provides:
 (G) The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.