On this appeal from a jury verdict and sentence following trial before Judge Mary Jane Boyle, I concur in the majority opinion on assignments of error II, III, and IV, and concur in judgment only on the first assignment of error. I believe it necessary to repeat the admonishment given in this court's opinion in State v. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75778, unreported. In Hardy, while we did not find reversible error for failure to attach the written jury instructions as part of the record because the defense had the opportunity to review the instructions, did not object to them and could not demonstrate any resulting prejudice, we also made clear that this court will closely examine the failure to follow the requirements of R.C. 2945.10(G).
Although the harmless error doctrine has prompted the majority here to rewrite R.C. 2945.10(G) as precatory instead of mandatory, the statute does not say that a trial judge "should" preserve jury instructions as part of the record; instead the statute uses the mandatory word "shall" at all times. The harmless error doctrine does not affect a judge's duty to comply with the law. Thus, in Hardy, we stated the following:
 Our opinion, however, should not be read to suggest that we encourage or tacitly approve such tactic by the trial court. Quite to the contrary, we believe the rule requiring that written jury instructions be included in the record is clear and sound and highly recommend that it be strictly followed by the trial court to insure that all parties receive a fair trial and to allow for effective appellate review.
The majority's reliance upon a footnote reference in State v. Warner (1990), 55 Ohio St.3d 31, 564 N.E.2d 18, purportedly requiring a showing of prejudice in order to find error in failing to preserve written instruction, is bizarre. Marvin Warner and David Schiebel were co-defendants in the case arising out of the collapse of the Home State Savings Bank. In State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, upon which much of the Warner decision is based, the trial judge denied the defendants the right to view the initial written jury instructions, gave four supplemental oral instructions, three of which defendants purportedly requested, and later provided written copies of those to the jury but, again, denied the defendants the opportunity to review them. The written supplemental instructions were lost after the jury rendered its verdict but three of the four were reconstructed by affidavit and approved by the trial judge. The Supreme Court held that all written instructions must be made available to a defendant before they are taken into a jury room and agreed that Warner had been deprived of his rights under Crim.R. 43, but concluded that he suffered no prejudice because the judge's order corrected the record and the oral instructions matched those that were written. On the missing supplemental instruction, the Court found no duty to give one on the subject but, if it reached the jury, found it could have only helped the defendants.
The Warner decision merely overruled Warner's identical assignments of error on the same issue "(f)or the reasons stated in State v. Schiebel, supra, * * *" and concluded in a footnote that depriving Warner of his right to view the written interrogatories before being given to the jury did not cause him prejudice. The lengthy footnote further found that Warner was acquitted of all the counts encompassed by one of the missing but reconstructed written interrogatories.
Thus, the majority's authority upon review stands only for the proposition that if the written interrogatories contained in the record match those given orally to the jury, it is not reversible error to deprive a defendant of a pre-deliberation review of the document.
In citing State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported, where only a portion of written jury instructions were made part of the record, this court noted that at trial no objections were made to either the oral or written instructions and the defendant never argued that the jury wrongfully convicted him of the two offenses. It concluded that the omission of the written instructions was not harmful error or a compromise of the defendant's rights. A review of the authorities that panel used to support its holding reveals a rather dubious foundation.[1]
This court has for the most part declined to find reversible error for a failure to make written instructions part of the record when it was apparent that the lawyers had reviewed them or the failure to object to their submission to the jury indicated they had been reviewed. In the instant case, Walton argues only that her appellate lawyer was denied the ability to review the instructions, but does not even suggest that her trial lawyer did not review them.
Although I agree the written instructions has caused her prejudice here, I would not suggest that R.C. 2945.10(G) can be ignored, or that this court will overlook continued failures to comply with the statute. Repeated failures to provide jury instructions for the record shows a pattern of depriving this court of the means of effective review, and the ability to recognize plain error. I would, therefore, overrule the assignment error on the basis that Walton's lawyer made no objection and, therefore, we can assume no irregularity between the written and oral instructions. State v. Hawkins (1996), 74 Ohio St.3d 530, 531,660 N.E.2d 454, 455.
[1] In State v. Goodwin (Apr. 17, 1997), Cuyahoga App. No. 68531, unreported, the written instructions, complete with the jury's markings, were in the possession of the Court Reporter. In State v. Gerhardt (1961), 115 Ohio App. 83, 184 N.E.2d 516, the assignment of error was the argument that the defense attorney was denied his own copy of the written instructions. In Columbus v. Marcum (1989), 65 Ohio App.3d 530,584 N.E.2d 1233, it was held to be prejudicial error to fail to include in the record of the case the written jury instructions.