OPINION
{¶ 1} Plaintiff, State of Ohio, contends that in the early morning hours of January 31, 2001, defendant, Michael L. Perry, raped Nicol Davis. On February 9, 2001, defendant was indicted and charged with kidnapping in violation of R.C. 2905.01, two counts of rape in violation of R.C. 2907.02, and gross sexual imposition in violation of R.C. 2907.05.
{¶ 2} Defendant was initially tried before a jury in April 2001. That jury found defendant not guilty of vaginal rape, but was unable to reach a verdict on the other charges. Defendant was re-tried on the remaining charges in May 2001, and was ultimately found guilty of kidnapping and one count of rape. He was sentenced to six years on each count. Defendant now appeals raising the following six assignments of error:
{¶ 3} "[1.] The trial court erred when it permitted the state to introduce evidence of other acts by defendant-appellant in violation of Ohio Rules of Evidence 403(A) and 404(B), thereby denying defendant-appellant his rights under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
{¶ 4} "[2.] Appellant's conviction was not supported by the manifest weight of the evidence.
{¶ 5} "[3.] The evidence against the appellant was insufficient to sustain a jury verdict of guilty.
{¶ 6} "[4.] The appellant was denied effective assistance of counsel as is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.
{¶ 7} "[5.] Appellant was denied a fair trial due to prosecutorial misconduct.
{¶ 8} "[6.] The trial court committed prejudicial error by failing to make written jury instructions provided to the jury a permanent part of the record for use on appeal."
{¶ 9} Although we have considered each of defendant's assignments of error, we find the sixth assignment of error to be dispositive. In his sixth assignment of error, defendant maintains that R.C. 2945.10(G) requires that written jury instructions shall be preserved by the trial court and be made part of the record of the case. R.C. 2945.10(G) provides, as follows:
{¶ 10} "The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case." (Emphasis added.)
{¶ 11} See Householder v. Granby (1884), 40 Ohio St. 430; R.C.2945.10(G).
{¶ 12} In Columbus v. Marcum (1989), 65 Ohio App.3d 530, 534, this court stated that "[i]t is well established as law in Ohio that when written instructions are submitted to the jury, those instructions must be returned along with the jury verdict and must remain on file with the papers of the case." The court continued:
{¶ 13} "* * * Furthermore, this court specifically stated that the recorded instructions must be returned to the court in order to cause the same to be made part of the permanent record consisting of the original papers and exhibits thereto, which becomes part of the record on appeal pursuant to App.R. 9(A). * * *" Id.
{¶ 14} Similarly, in State v. Guice (June 28, 1984), Franklin App. No 83AP-883, we held that "it was reversible error to fail to preserve tape recorded instructions as part of the record" on appeal, as would be required with respect to written instructions.
{¶ 15} We have followed this holding in several other cases, as have other district courts of appeals. See State v. Smith (1993),87 Ohio App.3d 480, and State v. Mitchell (Mar. 13, 1995), Licking App. No. 92-CA-71. Accordingly, defendant's sixth assignment of error is sustained.
{¶ 16} For the foregoing reasons, appellant's sixth assignment of error is sustained, his other five assignments of error are moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for a new trial in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS and BROWN, JJ., concur.