The STATE of Ohio, Appellee,

v.

SMITH, Appellant. █

[Cite as *State v. Smith* (1993), 87 Ohio App.3d 480.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920350.

Decided April 7, 1993.

· *Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Chuck R. Stidham,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, and the briefs and arguments of counsel. We have *sua sponte* removed this appeal from our accelerated calendar.

On January 8, 1992, defendant-appellant, Tyrone Smith, was placed under arrest for possession of cocaine. On February 12, 1992, he was charged in a two-count indictment with aggravated trafficking in violation of R.C. 2925.03(A)(2) and drug abuse in violation of R.C. 2925.11, with a specification, as to each count, that Smith had previously been convicted of domestic violence in Hamilton County. On March 25, 1992, Smith's jury trial began and he was subsequently found guilty on the drug-abuse count and a mistrial was declared as to the aggravated trafficking count. He was sentenced as appears of record.

In this appeal from the drug-abuse conviction, Smith presents three assignments of error for review. Assignments one and three are rendered moot pursuant to App.R. 12(A)(1)(c) by our disposition of Smith's second assignment of error, which alleges that the trial court erred to his prejudice and abused its discretion by precharging the jury and then failing to completely instruct the jury at the completion of closing arguments. We sustain this assignment of error as explained below.

■ Crim.R. 30(A) states, in pertinent part, that:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but *the court shall instruct the jury after the arguments are completed.* The court need not reduce its instructions to writing." (Emphasis added.)

We hold that the above language creates a *per se* rule that the trial court must fully and completely instruct the jury verbally at the close of arguments as to the law to be applied to a case irrespective of whether written instructions accompany the jurors into their deliberations. The need for an oral recitation is reinforced by the rule's language that the instructions need not be put in writing. Our holding is supported by *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, wherein the Ohio Supreme Court held in the second paragraph of its syllabus:

"After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder."

■ Over and above our reading of Crim.R. 30(A), we note that even if an oral charge were not required there is no copy of any written instructions in this record and no indication therein that the jury ever had any written instructions during the deliberations. The record reflects that the court merely stated the jury would have a written charge containing "facts or elements of the charge" during its deliberations. The lack of a copy of the written instructions within the record violates the substantial right of appellate review afforded to any person convicted of a crime in Ohio.

■ R.C. 2945.10(G) mandates that written instructions are to "remain on file with the papers of the case." Where an appeal is an integral part of a state's system for adjudicating guilt or innocence, the procedures for review must not violate a defendant's due process rights. *Evitts v. Lucey* (1985), 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821. In a criminal case the defendant's due process rights include, at the very least, a fair trial and a fair opportunity to defend against a state's accusations. *Chambers v. Mississippi* (1973), 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 302. In order to review the merits of an appeal, a transcript of the trial proceedings is required. *Evitts v. Lucey, supra,* 469 U.S. at 393, 105 S.Ct. at 834, 83 L.Ed.2d at 827, citing *Griffin v. Illinois* (1956), 351 U.S. 12, 13–14, 76 S.Ct. 585, 588, 100 L.Ed. 891, 896–897.

In the case *sub judice,* because written jury instructions are not in the record, this court is foreclosed from comparing whatever written instructions the jury

may have received with the verbal charge given at the beginning of the trial. Such a limitation on this court's review is no different from the prejudicial effect resulting from a trial court's failure to preserve for the record statements ruled upon *in camera* with the defendant's request for discovery under Crim.R. 16(B)(1)(g). *State v. Billups* (1990), 68 Ohio App.3d 248, 588 N.E.2d 208. Failure to include the written instructions pursuant to R.C. 2945.10(G) deprived Smith of due process because it impaired an effective first appeal as of right guaranteed by Section 3, Article IV of the Ohio Constitution and implemented by R.C. 2953.02. Consequently, we sustain Smith's second assignment of error.

Further, we note that our recent decision in *State v. Owens* (Jan. 13, 1993), Hamilton App. Nos. C–920134 and C–920135, unreported, 1993 WL 5183, appeal allowed in (1993), 66 Ohio St.3d 1500, 613 N.E.2d 646, is not in conflict with our holding on the second assignment of error in this case. *Owens* is not controlling here because we are convinced, on the basis of what is shown in this record, that the error resulting from the trial court's failure to comply with Crim.R. 30 did give rise to prejudice.

The judgment of the trial court is reversed on the strength of Smith's second assignment of error, and this cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., and GORMAN, J., concur.

HILDEBRANDT, J., dissents.

HILDEBRANDT, Judge, dissenting.

I respectfully dissent because I remain unpersuaded that any prejudice resulted from the trial court's failure to provide a complete oral recitation of the jury instructions at the conclusion of this case. While the second syllabus paragraph of *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, is correctly cited by the majority, their analysis ignores the significant fact that the rule stated in the syllabus did not prevent our Supreme Court from affirming Comen's conviction on the ground that no demonstrable prejudice was attributable to the trial court's failure to instruct the jury in accordance with the syllabus rule. The same lack of demonstrable prejudice confronted us in *State v. Owens* (Jan. 13, 1983), Hamilton App. Nos. C–920134 and C–920135, unreported, 1993 WL 5183 and, for that reason, we concluded, by application of both the syllabus rule and the holding of *Comen*, that the convictions then under review should likewise be affirmed. I believe that the same result should obtain here.

In *Comen*, after preliminarily charging the jury, the trial court denied Comen's request that it recharge on the matters of credibility and weighing of evidence

after the parties had delivered their closing arguments. When it framed its holding on appeal, the Ohio Supreme Court said this:

"Turning our attention now to the case before us, and being mindful of our previous discussion, we find appellant presents no evidence that he was prejudiced by the trial court's refusal to repeat all instructions. Additionally, appellant presents no evidence that the absence of instructions on credibility and weighing of the evidence at the completion of counsel's arguments was prejudicial.

"Accordingly, while we find that the proper procedure is for a trial court to explicitly follow Crim.R. 30 when instructing a jury, we also find appellant's first proposition of law not well-taken." *State v. Comen, supra,* 50 Ohio St.3d at 210, 553 N.E.2d at 644.

It should be noted in this case that the trial court did recharge the jury, immediately prior to its deliberations, on the definition of reasonable doubt and on certain of the duties assumed by the members of the panel.

With respect to the majority's separate discussion of the significance to be attributed to the absence of written jury instructions in this record, the more prudent course, in my view, is to leave the issue for another day because it is one that has never been briefed or argued in this case, either in the trial court or in this court.

Accordingly, due solely to the lack of demonstrable prejudice, I would affirm the trial court's judgment on the basis of the holding set forth in *State v. Comen, supra.*