OPINION
Defendant-appellant Gerardo Cruz appeals from his convictions after a jury trial for possession of heroin and possession of criminal tools.
Appellant asserts his convictions must be reversed on the basis the trial court failed to cause to be included in the record on appeal the written instructions given to the jury prior to its deliberations. Appellant further asserts his sentences must be reversed on the basis the trial court considered improper matters and also failed to follow statutory requirements prior to pronouncing sentence.
This court has reviewed the record and finds that although the trial court's failure to include the written jury instructions in the record could be deemed improper, the failure was not prejudicial to appellant. Therefore, appellant's convictions are affirmed. Moreover, the trial court's sentences were in accord with statutory requirements; therefore, appellant's sentences also are affirmed.
Appellant's convictions stem from an incident that occurred on the afternoon of June 9, 1998. Since detectives of the Cleveland Police Department sought to arrest a man named Ivan Lopez, Det. Jody Remington sat in an unmarked police vehicle parked on the street in front of Lopez's house located at 3507 Wade Avenue. Remington watched the house as she remained in radio contact with other members of her team.
During her surveillance, Remington observed certain actions that attracted her attention. Two separate vehicles turned into the "dead end"[1] street, slowed in front of the house at 3511 Wade Avenue, "tooted" the horn, continued to the end of the street where the vehicles turned around, and then returned to stop in front of the house at 3511 Wade Avenue. At that point, Jose Hernandez, whom Remington knew from prior drug arrests, exited the house and entered the stopped vehicle. Each vehicle drove away, but each returned only a short time later. Hernandez then re-entered the house as the vehicle departed. Remington believed she had witnessed drug transactions taking place.
At approximately 1:15 p.m., she observed a white 1988 Pontiac Bonneville enter onto Wade Avenue. The vehicle was driven by a man, later identified as appellant, with a female passenger, later identified as Madelyne Marcano, accompanying him in the front seat. The pattern Remington previously had witnessed was repeated; however, on this occasion, the vehicle did not depart after Hernandez had entered it.
Instead, Remington observed Hernandez converse with appellant before passing to appellant "a large sum of money." Appellant counted the money, handed Marcano a plastic grocery bag from its place on the front seat between them, and spoke to her. In response, Marcano opened the plastic bag and appeared to be "pour[ing the contents of] the bag out onto the floor of the vehicle." Once she had done so, Marcano counted some of the items on the floor, returned those items to the bag, and gave the bag to Hernandez.
By the time Hernandez exited appellant's vehicle, Remington had radioed the information to the members of her team. Thus, when appellant's vehicle emerged from Wade Avenue onto Fulton Road, Det. Roger Murray followed it in his "undercover" vehicle.
Murray drove behind and then beside appellant for some distance before another member of the police team joined the chase. Murray observed appellant "was speaking to the passenger * * * and she was writing in a little notebook." Murray also noticed a large black purse on the floor between Marcano's legs.
Upon being joined by another detective's vehicle, Murray effected a traffic stop of appellant. Appellant complied with an order to raise his hands, but as Murray approached the passenger side, he could see Marcano scrambling to push items from the floor of the vehicle into her purse.
The detectives observed a packet of what they suspected to be heroin on the driver's seat of the vehicle. Moreover, a pat-down of appellant yielded another packet in appellant's right front pocket. Later, the police also found a packet in appellant's wallet. Marcano's purse contained the following items: numerous packets that had been placed into "bundles"; the notebook in which she had been writing; and folded amounts of currency totaling over $2000.00. "Stamps" on all of the packets were consistent with each other.
Subsequent laboratory analysis of the packets discovered upon appellant's and Marcano's arrests proved they contained heroin. The three packets found on the driver's seat and on appellant's person weighed a total of .02 grams. The packets found in Marcano's purse weighed a total of 8.69 grams.
Appellant subsequently was indicted with Marcano and several others. Counts one, two, five and seven pertained to appellant, charging him with the following offenses: (1) possession of heroin an in amount over two hundred fifty grams, R.C. 2925.11, with a major drug offender specification; (2) illegal processing of heroin, R.C. 2925.04. with a major drug offender specification; (3) possession of heroin in an amount over five grams but not exceeding ten grams[2]; and (4) possession of criminal tools, R.C. 2923.24.[3]
Appellant pleaded not guilty to the charges and was assigned counsel to represent him. Appellant filed a motion for a separate trial and received one, although no journal entry granting his motion appeared in the record.
Appellant's case ultimately proceeded to a jury trial on only counts five and seven. The trial court noted in its judgment entry of verdict and sentence that counts one and two had been dismissed prior to trial.
At appellant's trial, the state presented the testimony of Remington, Murray, two other detectives involved in the arrest of appellant and the subsequent investigation of appellant and his co-defendants, and the forensic examiner. Appellant elected to present no evidence.
The jury ultimately returned a guilty verdict as to both offenses. The trial court immediately proceeded to sentencing, imposing upon appellant consecutive terms of incarceration of five years and one year.
Appellant filed a timely appeal of his convictions and sentences. His original appellate brief presented only two assignments of error. Subsequently, this court granted appellant's motion to file a "supplemental," or third, assignment of error. Appellant's first and third assignments of error present similar issues for review; therefore, they are addressed together as follows:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO INCLUDE THE WRITTEN JURY INSTRUCTIONS IN THE CASE RECORD.
 III. THE TRIAL COURT ERRED BY OMITTING SUBSTANTIAL PORTIONS OF ITS ORAL INSTRUCTIONS TO THE JURY FROM ITS WRITTEN CHARGE.
In his first assignment of error, appellant contends that since the transcript of proceedings demonstrates the trial court provided the jury with a written copy of instructions, the trial court's subsequent failure to insure inclusion of the written copy in the record on appeal deprived him of his right to due process of law.
After appellant filed his appellate brief in this court, however, appellant filed an App.R. 9 (E) motion to supplement the record. Appellant included in this motion a stipulation signed by both his counsel and the prosecutor representing the state. Counsel stipulated that an attachment to this motion, to the best of their knowledge and belief, was a "true and accurate copy" obtained from the court reporter "of at least a portion of the written instructions submitted to the jury in the case at bar." (Emphasis added.)
This court granted appellant's motions both to supplement the record and to supplement his argument; thus, appellant, in his third assignment of error, further contends the record now demonstrates the trial court's written instructions were incomplete statements of the law required to be given in this case. Neither of appellant's contentions has merit.
R.C. 2945.10 (G) provides in pertinent part as follows:
§ 2945.10 Order of proceedings of trial.
 The trial of an issue upon an indictment or information shall proceed before the trial court or jury as follows:
* * *
 (G) The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file
with the papers of the case.
 The court may deviate from the order of proceedings listed in this section.
(Emphasis added.)
Appellant asserts the foregoing not only mandates the trial court include any written jury instructions in the record on appeal but also mandates the reversal of his convictions on constitutional due process grounds since the trial court did not comply with its directive. Appellant cites State v. Smith (1993),87 Ohio App.3d 480, a case decided by the Ohio First District Court of Appeals, in support of his assertion. This court, however, declines to follow the authority of Smith for several reasons.
First, this court notes, as did the dissenting judge in that case, that the issue of the trial court's failure to include in the record the written jury instructions was "never briefed or argued * * * in the trial court * * * Id. at 484.
Second, the supreme court has indicated that any error committed by the trial court in this regard must be prejudicial to the appellant. State v. Warner (1990), 55 Ohio St.3d 31, footnote 19. Other appellate courts, including this one, have followed the supreme court's analysis in Warner by requiring a defendant to demonstrate some type of prejudice resulted from the trial court's omission. State v. Goodwin (Apr. 17, 1997), Cuyahoga App. No. 68531, unreported; State v. Gerhardt (1961),115 Ohio App. 83; see, also, Columbus v. Marcum (1989),65 Ohio App.3d 530.
Third, Smith is factually distinguishable from this case, since the record in Smith demonstrated the trial court failed in its duty pursuant to Crim.R. 30 (A) to instruct the jury orally after closing arguments had concluded.
In considering appellant's argument with respect to his first assignment of error in conjunction with R.C. 2945.10 (G), therefore, several factors are important. The transcript of appellant's trial demonstrates neither party made a request for written jury instructions; rather, the trial court took it upon itself to provide them. State v. Gerhardt, supra. The transcript also demonstrates the trial court gave full and complete oral instructions to the jury prior to permitting it to retire. Id.;
see, also, State v. Henness (Feb. 6, 1996), Franklin App. No. 94APA02-240, unreported; Cf., State v. Smith, supra. Moreover, neither appellant nor the prosecutor lodged objections to either the oral or the written instructions given to the jury by the trial court. State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported; Cf., Columbus v. Marcum, supra. Finally, it is particularly noteworthy that appellant presents no argument the jury improperly convicted him of the two offenses. Cf., State v.Goodwin, supra.
Based upon the foregoing factors, this court cannot find the trial court's failure to include the written jury instructions in the record on appeal either constituted harmful error or compromised appellant's right to due process of law. State v. Mills,supra. Accordingly, appellant's first assignment of error is overruled.
Similarly, appellant's contention with respect to his third assignment of error cannot be credited. A review of the transcript demonstrates the jury was fully instructed orally pursuant to Crim.R. 30 (A) concerning the applicable law, including the elements of the offenses.
The supplement to the appellate record was stipulated by counsel to constitute only a "portion" of the written instructions. Pursuant to App.R. 9 (E), this court presumes regularity in the proceedings below; therefore, it must be presumed the written instructions given by the trial court to the jury also were complete. See, e.g., State v. Scott (June 4, 1994), Franklin App. No. 93APA12-1752, unreported.
Appellant's third assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING MAXIMUM. CONSECUTIVE PRISON TERMS BASED UPON ITS FINDING THAT THE APPELLANT BORE CULBABILITY (sic) FOR AN UNCHARGED OFFENSE AND FOR OTHER CHARGES WHICH HAD BEEN DISMISSED FOR WANT OF PROSECUTION, AND MOREOVER, COMMITTED AN ABUSE OF DISCRETION BY NOT IMPOSING MINIMUM, CONCURRENT PRISON TERMS INSTEAD.
In this assignment of error, appellant challenges the trial court's decision to impose maximum and consecutive penalties for the offenses of which he was convicted. Appellant first argues the trial court failed to comply with the new requirements set forth in R.C. 2929.14. A review of the statute renders appellant's first argument unpersuasive.
R.C. 2929.14 provides in relevant part as follows:
 (B) Except as provided in division (C), (D) (2), (D) (3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section.
* * *
 (E) (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added.)
As this court recently stated in State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported, it is clear that:
 Drug offenses under R.C. Chapter 2925 are expressly excluded from the requirements of R.C. 2929.14[(B) and (C)] * * * See also State v. Lewis (Jan. 21, 1999), Cuyahoga App. No. 74924, unreported. In Lewis, this court noted:
 As the State points out, defendant pled guilty to a violation of R.C. 2925.11, which is contained in R.C. Chap. 2925. The plain language of the above quoted section specifically excludes Chapter 2925 convictions from its "shortest prison term" requirements. Therefore, defendant is not entitled to the shortest prison term as set forth in R.C. 2929.14 (B).
 We note that the sentencing guidelines are applied differently to drug offenses than to other crimes. See, e.g., R.C. 2929.13 (D) (For felony drug offenses, "it is presumed that a prison term is necessary in order to comply with the principles of sentencing under section 2929.11 of the Revised Code.") With this distinction in mind, we find that the trial court satisfied the requirements of R.C. Chapter 2929 and, therefore, did not abuse its discretion in imposing the maximum sentence upon appellant.
Slip opinion at 8. Cf., State v. Edmonson (1999),86 Ohio St.3d 324.
Moreover, in justifying its decision to impose consecutive sentences, the trial court stated in pertinent part as follows:
 The Court makes a finding for the record upon finding the State's witnesses believable, credible witnesses who showed that you were involved in masterminding a scheme to sell drugs in Cleveland on June 9th on Wade Avenue. That is the factor I'm taking into consideration for sentence. That you orchestra ted this, that you were the individual in charge, and you arrogantly, ignorantly did a drug transaction right next to a police officer. But for the good fortune and the low level of competence that you have as a criminal and drug dealer, you would still be operating.
 Now, the sentence that I am going to give you is really not commensurate because there are not enough years in this sentence to make it commensurate with the crime, but I will give you the maximum sentence because of the injury to the community, the seriousness of the crime, demand it, and it will be an insult to the statute, demeaning to the people of the State of Ohio and the statute and demeaning to give you a day less. I see recidivism is highly likely because of your unrepentant attitude and the fact you do not let the evidence stand in your way. Despite your lack of prior convictions I believe it shows an organized pattern of criminal — organized criminal activity, the evidence of the criminal tools, and this deserves a maximum sentence which is, in this case, in Count 1 as we referred it to the jury but in actuality is Count 5 under our indictment, the possession of drugs, more than five grams but less than ten, heroin, calls for a five-year sentence.
 The Court is giving you on possession of criminal tools, again, the maximum. That is where the evidence of this organized criminal activity was present. Give you one year and order them served consecutively.
(Emphasis added.)
The foregoing demonstrates the trial court also made the requisite findings pursuant to R.C. 2929.14 (E) (4) (b) prior to ordering appellant's sentences to be served consecutively. Statev. Lundy (June 4, 1998), Cuyahoga App. No. 72689, unreported; cf., State v. Stroud (Oct. 28, 1999), Cuyahoga App. No. 74756, unreported.
Appellant further argues the transcript of his sentencing demonstrates the trial court improperly considered the charges against him that had been dismissed by the state when it imposed the maximum term.
This court, however, previously has permitted the trial court to consider "the existence of other charges prior to sentencing * * *." State v. Jackson (Sep. 22, 1994), Cuyahoga App. No. 65566, unreported, citing State v. Wiles (1991), 59 Ohio St.3d 71, 78. (Emphasis added.) Cf., State v. Wells (Mar. 11, 1998), Cuyahoga App. No. 73977, unreported (trial court's statements concerning non-drug offense were ambiguous in light of requirements of R.C.2929.14[C]; therefore, remand was in order); State v. Patterson
(1996), 110 Ohio App.3d 264 (defendant acquitted of other charges).
Since the trial court's considerations prior to imposing appellant's sentence were similar to those deemed acceptable by this court in State v. Ayala, supra, appellant's second assignment of error also is overruled.
Appellant's convictions and sentences are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and JAMES M. PORTER, J., CONCUR.
 _________________________________ KENNETH A. ROCCO, JUDGE
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] This count of the indictment originally contained a schoolyard specification, which the prosecutor stated was placed upon it in error; consequently, it was dismissed.
[3] This count of the indictment contained a "to wit" clause listing many items. At appellant's trial, the evidence narrowed the list to the following: a 1988 Pontiac, a cell phone, notebook ledgers and packaging materials.