JOURNAL ENTRY AND OPINION
Defendant-appellant, Mark Gaines, appeals the judgment of the Cuyahoga County Common Pleas Court, which convicted him of assault upon a police officer and intimidation. For the reasons that follow, we affirm.
A review of the record reveals that on May 22, 1999, Cleveland Police Officers Lawrence Smith and George Galjan responded to a report of domestic violence at an apartment located in the Longwood Estates involving appellant and a Chasstidy Goodwin. Upon the officers' arrival, the residence was found to be in disarray, with furniture broken and strewn about and a broken rear window. Ms. Goodwin, whose clothing was torn, appeared to have been crying and had red marks around her neck.
Appellant was eventually apprehended outside the apartment and handcuffed despite some resistance on appellant's part. As the officers were leading appellant to the patrol car, appellant, while cuffed, grabbed the pant leg of Officer Galjan and threw him to the ground so that the officer landed on his knees. After regaining his footing, a brief struggle ensued, but appellant eventually was subdued and placed in the patrol car. Continuing his belligerence, however, appellant began kicking at the rear windows. At this point, the officers requested assistance and Officers Slobodiam and Sandoval arrived and transferred appellant to their patrol car so that Officers Smith and Galjan could continue their investigation of the domestic violence incident. While being transported to the police station, appellant uttered profanities and threatened the transporting officers. Officer Galjan testified that he again encountered appellant at the police station whereupon appellant boasted as to how he had slammed [Officer Galjan's] ho ass to the ground and then threatened to kill him the next time he entered Longwood Estates.
Appellant was eventually indicted for (1) assault, with a peace officer specification, in violation of R.C. 2903.13; and (2) intimidation, in violation of R.C. 2921.03. After a jury returned a verdict of guilty on both counts, including the specification, appellant was sentenced to concurrent prison terms of 17 months and four years on the assault and intimidation charges, respectively.
Appellant is now before this court and assigns seven errors for our review.
 I.
In his first and second assignments of error, appellant challenges his conviction for assault on the basis of insufficient evidence and as being against the manifest weight of the evidence, respectively. He argues under both assignments of error that it is difficult to believe that appellant, while handcuffed, could lift Officer Galjan and throw him to the ground. Such evidence, he continues, is too incredulous to support a conviction for assault.
An appellate court's function in reviewing whether there is sufficient evidence to support a criminal conviction requires examining the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The inquiry is not whether the evidence is to be believed, but whether if believed, the evidence supports a conviction. State v. Thompkins (1997), 78 Ohio St.3d 380, 390. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991),61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. Thompkins, 78 Ohio St.3d at 386-387. The credibility of the witnesses is primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 231.
In this case, Officers Smith and Galjan testified that they each held one of appellant's upper arms as they led him to the patrol car. Each testified that appellant was twisting or jerking back and forth during this time, in what appeared to be an attempt to flee. Officer Galjan then testified that appellant, with his cuffed hands, reached and grabbed the officer's upper pant leg, lifted him and then threw him to the ground. Officer Smith testified that he saw his partner in the air before he hit the ground, but did not actually observe appellant grab Officer Galjan because appellant's body obstructed his view. Officer Galjan landed on the concrete and suffered injury to his knees.
One who knowingly causes or attempts to cause physical harm to another is guilty of assault, a fourth-degree felony if the victim of the offense is a peace officer who is performing his or her official duties. R.C.2903.13(A) and (C)(3). Here, the jury certainly could find that all the elements of assault were satisfied.Appellant grabbed Officer Galjan, a peace officer, and threw him to the ground. Reiterating, the focus is not on whether such evidence is believable, but rather was that evidence believed by the trier of fact. In this case, the jury believed that appellant, while handcuffed, was able to commit the offense as charged. Consequently, there existed sufficient evidence before the jury from which to find appellant guilty of assault on a peace officer.
Nor can it be said that appellant's conviction was against the manifest weight of the evidence. A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins, 78 Ohio St.3d at 387. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. A judgment supported by some competent, credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
Here, it cannot be said the jury lost its way in reaching its decision to find appellant guilty of assault. Officer Galjan's testimony was credible as to the events that gave rise to appellant's assault upon him and no contrary evidence was presented from which an argument could be made that the jury lost its way in resolving conflicts in evidence.
Consequently, appellant's conviction for assault upon a peace officer is supported by sufficient evidence and is not against the manifest weight of the evidence.
Accordingly, appellant's first and second assignments of error are not well taken and are overruled.
 II.
In his fourth assignment of error, appellant challenges the admissibility of testimony regarding the incident of domestic violence immediately preceding the events giving rise to the charges for assault and intimidation. In particular, he challenges this testimony as being irrelevant and unfairly prejudicial.
All relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 402, 403(A). It is well established that the admission of evidence lies within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus; State v. Long (1978),53 Ohio St.2d 91, 98.
In this case, the record does not reveal that appellant objected to this testimony. It is well established that, absent plain error, a party waives its right to assert as error on appeal the admission of evidence where that party has failed to object to its admission. State v. Lindsey (2000), 87 Ohio St.3d 479, 482; State v. Slagle (1992), 65 Ohio St.3d 597,604. Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only if the outcome of the trial clearly would have been different absent the error. State v. Long (1978),53 Ohio St.2d 91, paragraph two of the syllabus.
We are unpersuaded that the outcome of the trial would have been different had appellant objected to such testimony. To the contrary, "other acts" testimony is relevant and, thus, admissible, where those acts form part of the immediate background of the crime charged, and hence are "inextricably related" to the act alleged in the indictment. Thus, where the challenged evidence plays an integral role in explaining the sequence of events and is necessary to give a complete picture of the alleged crime, the jury is entitled to know the "setting" of a case. State v. Thompson (1981), 66 Ohio St.2d 496, 498.
Here, the offenses of assault and intimidation arose only as part of the other act of domestic violence to which the officers responded. It was during the officers' investigation of the domestic violence incident that appellant assaulted and intimidated Officer Galjan. This other act is, therefore, inextricably related to and forms the setting of appellant's indictment for assault on a peace officer and intimidation.
Consequently, appellant's fourth assignment of error is not well taken and is overruled.
 III.
Appellant's third, fifth and sixth assignments of error are premised on the admission of testimony as to the domestic violence incident immediately preceding the offenses at issue in this case. Succinctly, he claims that (1) the prosecutor engaged in misconduct in eliciting this inadmissible testimony; (2) that, despite there being no objection to this testimony at trial, its admission amounted to plain error; and (3) that trial counsel's failure to object to this testimony resulted in appellant being denied the effective assistance of counsel. Because we have determined that this testimony was properly admitted, it is not necessary for us to address these assignments of error. See App.R. 12(A)(1)(c).
 IV.
In his seventh and last assignment of error, appellant complains that the trial court committed reversible error in failing to preserve the written jury instructions as part of the record for appellate review. Specifically, appellant relies on State v. Smith (1993), 87 Ohio App.3d 480
for the proposition that the trial court's failure to preserve written jury instruction is violative of R.C. 2945.10(G) and, therefore, denies him due process of law because of the inability to review the instructions for error on appeal.
Because variation between the oral and written instructions may result in prejudicial error, R.C. 2945.10(G) provides, in relevant part:
 Written charges and instruction shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the paper of the case.
This court recognizes that the better judicial practice is to preserve the written instructions with the papers of the case. Reversal is not warranted, however, if appellant is unable to demonstrate in what manner he was prejudiced by the trial court's failure to so include the written jury instructions with the record. See State v. Warner (1990),55 Ohio St.3d 31; State v. Walton (Oct. 19, 2000), Cuyahoga App. No. 76302, unreported at 6; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported; see, also, State v. Lee (Sept. 7, 2000), Cuyahoga App. No. 77010, unreported at 7; State v. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75778, unreported at 12-13.
Here, we cannot say the absence of the written instructions from the record is reversible error. A review of the record reveals that the trial court took it upon itself to provide the written instructions for the jury to which neither party objected. Appellant, moreover, does not argue, nor does the record indicate, that the written instructions deviated in any manner from the oral instructions given to the jury. Lastly, the record of the proceedings supports that the trial court fully and completely instructed the jury prior to their deliberations without objection by either party.
Consequently, this court cannot find that the trial court's failure to include the written jury instructions in the record on appeal constituted reversible error. Accordingly, appellant's seventh assignment of error is not well taken and is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., LEO M. SPELLACY, J., CONCUR
 ___________________________ JOHN T. PATTON, JUDGE