JOURNAL ENTRY and OPINION
Plaintiff-appellant Marvin Johnson appeals from his conviction on one count of felonious assault.
Appellant asserts his conviction is neither based upon sufficient evidence nor supported by the weight of the evidence. He further asserts that his trial counsel rendered ineffective assistance, that the trial court improperly instructed the jury, and that the trial court's failure to include its written jury instructions in the record has prejudiced his right of appeal.
This court has reviewed the record with appellant's assertions in mind. Since the transcript of appellant's trial reveals the trial court improperly orally instructed the jury, this court must agree the omission from the record of the written instructions it gave to the jury has compromised appellant's right to due process of law. Appellant's conviction, therefore, must be reversed and this case remanded for further proceedings.
Appellant's conviction results from an incident that occurred on the afternoon of August 26, 1998. The victim, Donald Reed, had stopped for a brief visit at his mother's home located at 2702 Central Avenue in Cleveland, Ohio. Reed's sister, Justine, also lived in the home. The Reed family had lived in that neighborhood for approximately thirty years. During her brother's visit, Justine was watching television and eventually heard him mention as he was leaving that he had to return some books to the nearby library.
Reed left the home and proceeded to the sidewalk. As he began walking to the library, he heard footsteps rapidly approaching from the rear. Reed had started to turn toward the sound when suddenly someone's fist struck him on the right side of his face. The force of the blow sent him reeling into the hood of a parked automobile. As he began sliding off, his glasses broken and his skin bleeding, he felt more blows hitting his face. Reed attempted to cover himself as he went to the ground; thus, he could not see who had attacked him.
The sounds of the altercation had, by that point, reached the Reed residence. Curious about the noise, Justine looked out the window. At first, she could understand only that two men seemed to be "jumping somebody,"[1] but when she recognized Reed, she looked for a means of defense; then, unable to locate anything useful, she simply proceeded outside, shouting at the men to "leave [her] brother alone."
Upon Justine's approach, the man who was striking Reed stopped momentarily to look at her. Justine, at that point, recognized the assailant as appellant, whom she knew from the neighborhood as "Chip Barry."[2] Appellant observed Justine lacked any actual threatening potential toward him, so he returned his attention to Reed, "kicked [Reed] in his face," and then came toward Justine. Appellant made a menacing motion toward her before walking away with his companion.
After the men's departure, Justine aided her brother in returning to the house, where she applied first aid to his face and telephoned both the police and an ambulance. Reed subsequently received treatment for his injuries in the emergency room. He had sustained facial lacerations to the bridge of his nose and his cheek; one laceration required several sutures. Moreover, the cranial contusions Reed suffered were of sufficient severity that a CT scan was taken of his brain and he lost the use of his right eye for a period of several days until the swelling subsided.
In the aftermath of the incident, Reed remembered his attacker had spoken while administering the beating. Reed heard the man ask, "Why did you tell?" When Justine informed him of his attacker's identity, Reed realized the motive for the aggression: Approximately one month earlier, Reed's complaint about an incident at work had led to the termination of appellant from his employment.
Appellant eventually was indicted on one count of felonious assault, R.C. 2903.11. Appellant pleaded not guilty to the charge at his arraignment and was assigned counsel to represent him.
Appellant's case proceeded to a jury trial on May 1, 2000. The state presented the testimony of Reed, Justine, Reed's employer, and two of the police officers who had investigated the case. The state also introduced into evidence Reed's medical records and photographs of his injuries.
Following the trial court's denial of his motion for acquittal, appellant testified in his own defense. Appellant admitted coming upon Reed on the sidewalk by Reed's mother's home on the date of the incident. Appellant further admitted his question to Reed concerned the work-related incident. Appellant stated, however, that Reed acted aggressively toward him when that subject was raised and further testified he acted only in response to Reed's aggression. Appellant stated he received a "[b]usted lip" in the altercation but, since he believed he had bested Reed, he saw no further reason to pursue the matter.
The jury ultimately found appellant guilty of the charge. After ordering a presentence investigation and report, the trial court sentenced appellant to three years of conditional community control.[3]
Appellant has filed a timely appeal of his convictions. He presents four assignments of error for review. Since appellant's third and fourth assignments of error present related issues and are dispositive of this appeal, they are addressed first as follows:
 III. MR. JOHNSON WAS PREJUDICED AND SUFFERED A MANIFEST MISCARRIAGE OF JUSTICE BY INAPPLICABLE AND INACCURATE JURY INSTRUCTIONS AND THE INEFFECTIVENESS OF COUNSEL IN FAILING TO OBJECT BEFORE THE TRIAL COURT CHARGED THE JURY.
 IV. THE FAILURE TO INCLUDE THE WRITTEN INSTRUCTIONS IN THE RECORD DEPRIVED MR. JOHNSON OF HIS RIGHT TO DUE PROCESS BY IMPAIRING THE EFFECTIVE FIRST APPEAL, AS OF RIGHT, AND TRIAL COUNSEL'S FAILURE TO INSURE THAT THEY WERE PRESERVED DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
In these assignments of error, appellant argues the record demonstrates the trial court gave confusing and inappropriate oral instructions to the jury. Appellant further notes that although the trial court also gave written instructions to the jury, the trial court failed to include those instructions in the record as required by R.C. 2945.10(G). Appellant asserts this failure negatively reflects on the performance of his trial counsel and further compromises his presentation of the instant appeal, thus depriving him of his right to due process of law. Upon a review of the record, this court is constrained to agree with a major portion of appellant's argument.
Pursuant to Crim.R. 30, the trial court is required to give the jury "complete instructions" on the law at the conclusion of closing arguments. This has been held to mean, however, the trial court must limit its instructions to those that are "relevant and necessary" for the jury to weigh the evidence and to discharge its duty as a factfinder. State v. Comen (1990), 50 Ohio St.3d 206.
In this case, despite defense counsel's misgivings and ultimate objection thereto, the trial court instructed the jury regarding aggravated assault, an offense of inferior degree to the offense with which appellant was charged. In State v. Mack (1998), 82 Ohio St.3d 198
at 200-201, the supreme court made the following observations with regard to whether such a jury instruction is appropriate:
 We next decide whether a jury charge on aggravated assault was warranted in this case. In State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, we held that "aggravated assault" was an offense of an inferior degree of felonious assault because its elements were identical to felonious assault except for the additional mitigating element of provocation.
 Thus, we stated, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." Id., paragraph four of the syllabus. Furthermore, "provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force.
 In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Deem, at paragraph five of the syllabus. In that case, we found that a historically stormy relationship and the bumping of the offender's car by the victim's car were insufficient, as a matter of law, to incite the offender into using deadly force. Deem, 40 Ohio St.3d at 211, 533 N.E.2d at 300. Since there was insufficient evidence of provocation, we held that "even though aggravated assault is an offense of an inferior degree to the indicted crime [of felonious assault], an instruction thereon was not supported by the evidence presented in this case, and was properly refused." Id.
 In State v. Shane (1992), 63 Ohio St.3d 630, 590 N.E.2d 272, we elaborated on what constitutes "reasonably sufficient" provocation in the context of voluntary manslaughter. First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. That is, the provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case "actually was under the influence of sudden passion or in a sudden fit of rage." Shane, 63 Ohio St.3d at 634-635, 590 N.E.2d at 276. We also held in Shane that words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations.
Id., paragraph two of the syllabus. (Emphasis added.)
As in Mack, a review of the record in this case demonstrates an instruction on the offense of aggravated assault completely was unwarranted. None of the state's witnesses provided testimony to support the element of serious provocation, and, for his part, appellant limited his testimony about the incident to a claim of reasonable self-defense. Additionally, appellant made absolutely no claim he was incited into using "deadly" force; indeed, appellant indicated only that he struck Reed with his fist and that he did so in response only to Reed's "pushes." Thus, the trial court erred in providing the jury with an instruction on this offense.
Moreover, even were this court to determine the trial court's action somehow was excusable, the trial court admitted on the record that in giving this instruction, some "confusion" had occurred. Therefore, it repeated a portion of the aggravated assault instruction. The trial court then proceeded to state:
 If you find that the State proved beyond a reasonable doubt that the defendant knowingly caused serious physical harm to Donald Reed, but you also find the defendant proved by the greater weight of the evidence that he acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, you must find the defendant guilty of aggravated assault.
 Now, ladies and gentlemen, if you find the State proved beyond a reasonable doubt all the essential elements of the offense of felonious assault then, of course, your verdict must be guilty as charged. If, however, you find that the State failed to prove beyond a reasonable doubt any of the essential elements of felonious assault, then your verdict must be not guilty of that offense and, in that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser-included offense of assault.
 If all of you are unable to agree on a verdict of guilty or not guilty of felonious assault, you will continue your deliberations to decide whether the State proved beyond a reasonable doubt all the essential elements of the lesser-included offense of assault.
(Emphasis added.) As the foregoing demonstrates, the trial court merely added to the confusion in continuing the oral instructions since it remained unclear to the jury when it was appropriate to deliberate on the lesser-included offense.
Although the trial court's intent behind these actions was "in the interest of allowing the jury to have as full a range as possible of options open to them (sic);" nevertheless, it is the trial court's responsibility to determine the instructions of law that apply to the facts of the case.
Additionally, the trial court's failure in this case to comply with the requirements of R.C. 2945.10 has limited this court's ability to review the jury instructions for error. R.C. 2945.10 states in pertinent part:
 S2945.10 Order of proceedings of trial. The trial of an issue upon an indictment or information shall proceed before the trial court or jury as follows:
* * *
 (E) When the evidence is concluded, either party may request instructions to the jury on the points of law, which instructions shall be reduced to writing if either party requests it.
* * *
 (G) The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court.
 Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.
 The court may deviate from the order of proceedings listed in this section.
(Emphasis added.)
At the conclusion of final arguments in this case, prior to closing the proceedings for the day, the trial court indicated the written jury instructions would be provided to the parties the following morning. The following morning, however, the transcript of trial indicates the parties may not have been given adequate time to peruse those written instructions. In any event, after giving the original charge to the jury from the written instructions, the trial court made oral modifications to those instructions upon consultation with counsel. The trial court subsequently attempted to ameliorate any confusion by stating to the jury:
 Ladies and gentlemen, as you no doubt are aware, there will have to be a few changes [to the written instructions] in accordance to what I read and we will get that to you very shortly.
(Emphasis added.)
As herein before stated, the trial court improperly instructed the jury it could consider the offense of aggravated assault in reaching its verdict. Moreover, the oral instructions concerning the lesser-included offense remained unclear. Finally, despite the mandatory directive contained in R.C. 2945.10(G), the written instructions first were "orally qualified," then re-written.
Under the circumstances, the trial court's failure to ensure that the written jury instructions were included in appellant's case file has made it impossible for this court to determine whether the written set of instructions the jury was given could have caused any further confusion. State v. Smith (1993), 87 Ohio App.3d 480; Columbus v. Marcum (1989),65 Ohio App.3d 530; cf., State v. Henness (Feb. 6, 1996), Franklin App. No. 94APA02-240, unreported at fn. 3. Certainly, the written instructions did not, as the trial court had hoped, "eliminate some unnecessary questions"[4] since the jury, during its deliberations, sent a message to the trial court requesting the use of a dictionary "for clarification of terms in the Criminal Charge Introduction."
This case, therefore, presents facts which distinguish it from those in which this court previously has presumed regularity and declared the error harmless. See State v. Gaines (Nov. 16, 2000), Cuyahoga App. No. 77695, unreported; State v. Walton (Oct. 19, 2000), Cuyahoga App. No. 76302, unreported; State v. Lee (Sept. 7, 2000), Cuyahoga App. No. 77010, unreported; State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606, unreported; State v. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75778, unreported; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported; State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported. The lack of inclusion into the record of this case of the written jury instructions has compromised appellant's right to due process of law; therefore, it must be deemed harmful error. State v. Smith, supra; State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported;
For the foregoing reasons, appellant's arguments with respect to his third and fourth assignments of error have merit.
This court, however, does not find merit to appellant's additional contention that trial counsel provided inadequate assistance. The record reflects, rather, counsel was well-prepared and zealous in his representation of his client; counsel sought to provide the best defense possible in the face of the trial court's pursuit of expedited proceedings. In short, appellant cannot demonstrate counsel's performance fell below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136.
Appellant's third and fourth assignments of error thus are sustained in part. Appellant's conviction is reversed, and this case is remanded for further proceedings consistent with this opinion.
The disposition of these assignments of error renders appellant's first two assignments of error moot.[5] App.R. 12(A)(1)(c).
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ KENNETH A. ROCCO PRESIDING JUDGE:
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2]The evidence adduced at trial indicated Barry was appellant's mother's last name.
[3] The trial court specified in its journal entry that violation of the conditions may result in the imposition of a prison term of six years.
[4] Emphasis added.
[5] Appellant's first two assignments of error state:
 I. MR. JOHNSON'S RIGHTS UNDER ART. I, SECT. 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED AND HE WAS IMPROPERLY DENIED A CRIM.R. 29 ACQUITTAL ON FELONIOUS ASSAULT WHEN THERE WAS INSUFFICIENT EVIDENCE THAT HE CAUSED SERIOUS PHYSICAL HARM.
 II. THE CONVICTION FOR FELONIOUS ASSAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS NO SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.