{¶ 25} I respectfully dissent from the majority opinion because of the absence of the complete transcript in the record before this court. The docket reflects that the transcripts of the plea and also the sentencing hearings were made a part of the court's file. The record before this court, however, does not include a copy of these transcripts.
 {¶ 26} As can happen in a large county such as Cuyahoga, a transcript can be lost. Until the missing transcript is found or another copy provided and reviewed, however, I do not believe that we have executed our constitutional and statutory duties to give this case meaningful review.
 {¶ 27} Further, defendant has made every effort to ensure that the transcript is included in the file for appellate review. On September 17, 2004, defendant, pro se, filed a motion to prepare the transcript at state expense, along with a motion for appointment of counsel. That motion was denied, the only reason given being that "counsel is not appointed in appeals of the denial of a guilty plea." No explanation was provided regarding the transcripts.
 {¶ 28} On December 3, 2004, defendant, pro se, filed a "motion for leave to file extension of time to file plea and sentence hearing transcripts." This motion was denied as "moot." The order provided the following explanation: "The appeal concerns the denial of the motion to withdraw guilty plea." This explanation ignores defendant's argument: that the court promised him at the plea hearing that he would receive only one year imprisonment.
 {¶ 29} It is because of this plea hearing excerpt quoted by defendant that the transcript of that hearing is especially important here. Without the transcript to put that statement into context, I am unwilling to dismiss the argument out of hand. The majority assumes that at that plea hearing the judge was discussing the sentence in only one of four cases. While that may very well be true, this court cannot decide a case on assumptions.
 {¶ 30} A defendant convicted of an offense has a right to an appeal guaranteed by Sect. 3, Art. IV of the Ohio Constitution and implemented by R.C. 2953.02, as well as by federal and state due process, U.S. Const. Amends. V and XIV, Ohio Const. Art. I, Sec. 16. See generally, State v. Smith (1993),87 Ohio App.3d 480, 482-83. The right to an appeal includes the right to an accurate record on appeal and the failure to provide a full and complete record violates the substantial right of appellate review. "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." Griffin v. Illinois *1955), 351 U.S. 12, 19. "Where an appeal is an integral part of a state's system for adjudicating guilt or innocence, the procedures for review must not violate a defendant's due process rights." Smith, supra, citing Evitts v. Lucey (1985), 469 U.S. 387.
 {¶ 31} Until this court has before it a transcript of the plea hearing, this court cannot have a thorough review of defendant's guilty plea. Without that thorough review, we cannot determine the validity of his appeal. I, therefore, dissent.